UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ARLENE GAYMAN,

                Plaintiff,

                                          04 Civ. 07882 (RPP)

       - against -

                                        **OPINION AND ORDER**

PATHMARK STORES, INC.,

                Defendant.
------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On April 15, 2005, at the conclusion of discovery, Defendant Pathmark Stores, Inc. ("Pathmark") moved, pursuant to Rule 12(b)(6) and Rule 56(b) of the Federal Rules of Civil Procedure, to dismiss this action brought by Plaintiff Arlene Gayman to recover for slip and fall injuries she sustained in Defendant's supermarket store on June 8, 2004. Defendant maintains that there exists no genuine issue of material fact meriting a jury trial, specifically on the issues of created condition, actual notice or constructive notice. For the reasons set forth below, Defendant's summary judgment motion is denied.

**I. Facts**

On June 8, 2004, Plaintiff and her friend Jocelyn Washington entered the Pathmark supermarket located at 1851 Bruckner Boulevard, Bronx, New York 10472. (Deposition of Arlene Gayman ("Gayman Dep."), undated, attached as Ex. E to Def.'s Notice of Mot. ("Def.'s Mot."), at 16; Def.'s Rule 56.1 Stmt. ¶ 1.) Plaintiff had shopped there for approximately three years. (Gayman Dep. at 16.) She and Ms. Washington were in the store for approximately twenty-five to thirty minutes prior to the accident, which occurred at approximately 6:30 p.m.,

and had passed through about eight of the seventeen aisles in the store. (Gayman Dep. at 19-21; Def.'s Rule 56.1 Stmt. ¶¶ 1, 5; Pl.'s Resp. to Interrogs., dated Oct. 25, 2004, attached as Ex. D to Def.'s Mot., ¶ 1.) Plaintiff and Ms. Washington walked by the accident site only once on their way to the checkout and saw nothing on the floor at that time. (Gayman Dep. at 23-24; Def.'s Rule 56.1 Stmt. ¶ 6.) Plaintiff did not observe any Pathmark employees near the accident site, nor did she see anyone drop anything on the floor near the accident site. (Gayman Dep. at 25; Def.'s Rule 56.1 Stmt. ¶¶ 7, 8.)

While waiting on line to check out, Plaintiff realized she forgot to obtain a bottle of Ocean Spray Cranberry Juice, and Ms. Washington left the line to procure the juice. (Gayman Dep. at 17-18; Def.'s Rule 56.1 Stmt. ¶ 9.) In Ms. Washington's absence, Plaintiff did not look at the area where she later fell. (Gayman Dep. at 30; Def.'s Rule 56.1 Stmt. ¶ 10.) Ms. Washington, unable to find the juice, returned to the checkout line and did not comment to Plaintiff on the floor's condition. (Gayman Dep. at 29.) Plaintiff then left to find the juice. (Gayman Dep. at 30; Def.'s Rule 56.1 Stmt. ¶ 11.)

At approximately 6:30 p.m., in the main aisle in front of the checkout area, three to four feet from where she had been standing on line, Plaintiff slipped and fell on a Pathmark flyer that seemed to have something very greasy underneath it. (Gayman Dep. at 33, 36; Def.'s Rule 56.1 Stmt. ¶¶ 11, 13.) Plaintiff did not see the flyer on the floor before the accident, and she did not know how long the flyer had been on the floor before the accident. (Gayman Dep. at 36; Def.'s Rule 56.1 Stmt. ¶¶ 14, 15.) Nor did anyone tell Plaintiff that they knew how long the flyer had been present on the floor prior to the accident. (Gayman Dep. at 36-37; Def.'s Rule 56.1 Stmt. ¶ 16.) Plaintiff did not look at the flyer after she fell, nor did anyone look at the flyer in Plaintiff's presence. (Gayman Dep. at 37; Def.'s Rule 56.1 Stmt. ¶¶ 19, 20.) Plaintiff did not pick up the

flyer to see if there was grease underneath, and she did not personally know that there was grease on the floor. (Gayman Dep. at 39-40; Def.'s Rule 56.1 Stmt. ¶¶ 21, 22.) No one told Plaintiff that there was grease on the floor or how long it had been there. (Gayman Dep. at 40; Def.'s Rule 56.1 Stmt. ¶¶ 23, 25.) Ms. Washington came to the accident site and asked Plaintiff if she fell on the flyer. (Gayman Dep., attached as Ex. C to Def.'s Reply Aff., at 38.) Plaintiff replied, "I think so." (Id.)

Plaintiff submitted an affidavit by Ms. Washington, dated April 25, 2005, stating that as Ms. Washington returned to the line empty-handed, she saw a Pathmark employee pulling a cart down the front aisle, leaving a liquid trail behind it.[1] (Affidavit of Jocelyn Washington ("Washington Aff."),[2] dated April 25, 2005, attached as Ex. A to Pl.'s Mem. of Law ¶ 4; Pl.'s Rule 56.1 Stmt. ¶ 3.[3]) Ms. Washington witnessed Plaintiff's fall from a few feet away and

---

[1] Plaintiff also attaches five photographs as Exhibit B to her Memorandum of Law in opposition, but aside from a short notation by "AJL" on one photo stating "per AJL—this was slid across floor—cans/bottles," there is no description of what these photos depict. Although this Court assumes these are photographs excerpted from the surveillance tapes of Defendant Pathmark on the date of the accident around the time of the accident, as submitted to this Court, these photos are inadmissible evidence because there is no indication of the time or location shown in these photos.

[2] Defendant maintains that the affidavit of Ms. Washington was presented in bad faith and should be rejected by this Court pursuant to Rule 56(g) of the Federal Rules of Civil Procedure. (Def.'s Reply Aff. ¶ 8.) Defendant states that Ms. Washington missed two non-party deposition sessions scheduled by Defendant. (Id. ¶ 4.) Both times, Ms. Washington was apparently ill. (Id. Ex. A at 3.) Missing the two depositions, without other evidence, does not suffice to show bad faith, and thus, this Court accepts Ms. Washington's affidavit.

[3] Defendant contends that its motion for summary judgment should be granted because Plaintiff's 56.1 Statement failed to comply with Local Rules 56.1(c) and 51.1. (Pl.'s Reply Aff. ¶ 3.) This contention is without merit. First, there is no Local Rule 51.1. Next, although the Plaintiff's Local Rule 56.1 Statement is not signed by an attorney, the 56.1 Statement is contained within Plaintiff's Memorandum of Law which is signed by Plaintiff's attorney. Finally, it is evident which paragraphs of Defendant's 56.1 Statement Plaintiff is disputing because of the manner in which these statements are numbered.

Additionally, Defendants themselves fail to adhere to Local Rule 56.1(d) which requires that "[e]ach statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible." Local Rule 56.1(d) (emphasis added). Defendant's 56.1 Statement does not contain any citations to evidence.

immediately went over and saw that Plaintiff had slipped on the greasy liquid substance that had been trailing from the cart. (Washington Aff. ¶¶ 6, 7.)

Mr. Jobe, a part-time closer at the Bruckner Pathmark store who was responsible for the operation of the store at the time of the accident, was notified of Plaintiff's accident over the store's public address system. (Deposition of Alhkebba Jobe ("Jobe Dep."), undated, attached as Ex. F to Def.'s Mot., at 5, 11; Def.'s Rule 56.1 Stmt. ¶¶ 28, 29.) When he arrived at the accident site, he saw a woman lying on the floor between aisles 10 and 11. (Jobe Dep. at 22; Def.'s Rule 56.1 Stmt. ¶ 30.) A store cashier, Certora, was also present at the scene and advised Mr. Jobe that although she had not seen anything, she came to the accident site when she heard people scream that Plaintiff had fallen. (Jobe Dep. at 24, 29; Def.'s Rule 56.1 Stmt. ¶ 31.)

Mr. Jobe asked Plaintiff about the accident, and Plaintiff replied that she fell on a piece of paper. (Jobe Dep. at 31; Def.'s Rule 56.1 Stmt. ¶ 32.) Mr. Jobe did not see any paper on the floor when he looked around the area. (Jobe Dep. at 42; Def.'s Rule 56.1 Stmt. ¶ 33.) Pathmark kept colored advertising flyers of more than one page at the entrance to the store for use by customers when shopping. (Jobe Dep. at 35.) After the accident, Mr. Jobe prepared an Incident Investigation Report.[4] (Jobe Dep. at 9; Def.'s Rule 56.1 Stmt. ¶ 34; Incident Investigation Report, dated June 8, 2004, attached as Ex. G to Def.'s Mot.) Mr. Jobe took no written statements from any of the customers who were in the store at the time the incident occurred. (Jobe Dep. at 29.)

---

[4] In the "Customer's Version of the Incident," Mr. Jobe wrote: "Customer allegedly claim[s] that she slip[ped] and fell on her back and hit her head on a wheel of a shopping cart. She allegedly claim[s] that it was cause[d] by a piece of paper on floor." (Incident Investigation Report.) In the "Remarks" section, Mr. Jobe wrote: "Customer had on flat thin slippers and I believed that[']s what cause[d] her to slip and f[a]ll. They must have c[o]me off under her feet when she was trying to run." (Id.)

4

## II. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a moving party is granted summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The summary judgment standard is "well-settled" in the Second Circuit. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285 (2d Cir. 2002). The Second Circuit holds:

> The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant . . . . Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party.

Id. at 286 (citations omitted).

## III. Discussion

In its Notice of Motion, Defendant argues that Plaintiff failed to offer proof of her claim of negligence on the part of Defendant Pathmark because Plaintiff failed to offer evidence showing that Defendant had created the condition that caused Plaintiff's accident or had notice of this condition. Defendant states that Plaintiff did not see the grease or the flyer prior to the accident, nor did she know if there was grease on the floor or how the flyer or grease came to be present on the floor. (Def.'s Mot. ¶ 13.) Additionally, Defendant highlights the fact that Plaintiff was unable to identify any Pathmark employee in the vicinity of the accident at any time. (Id. ¶¶ 5, 8.)

It is well-settled in New York that "to prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the

accident or that the defendant had actual or constructive notice of the condition."[5] Bradish v. Tank Tech Corp., 216 A.D.2d 505, 506, 628 N.Y.S.2d 807, 808 (2d Dep't 1995); see also Gaeta v. City of New York, 213 A.D.2d 509, 624 N.Y.S.2d 47 (2d Dep't 1995); Pirillo v. Longwood Assocs., 179 A.D.2d 744, 579 N.Y.S.2d 120 (2d Dep't 1992). "Where the defendant created the dangerous condition, actual notice is presumed." Rose v. Da ECIB USA, 259 A.D.2d 258, 260, 686 N.Y.S.2d 19, 21 (1st Dep't 1999).

Drawing all inferences in the light most favorable to the Plaintiff, there is a genuine issue of material fact as to whether Defendant created the condition which caused Plaintiff's fall on June 8, 2004. Specifically, Ms. Washington's Affidavit asserts that a cart pulled by a Pathmark employee created a trail of slippery liquid and that that liquid caused Plaintiff to slip and fall minutes later in the main aisle. A jury, based on Ms. Washington's testimony, could reasonably conclude that the Defendant created the condition that caused Plaintiff's accident, notwithstanding the fact that Plaintiff did not see any Pathmark employee, flyer, or slippery liquid in the area prior to the accident. Therefore, Plaintiff has set forth evidence which could reasonably support a jury verdict for Plaintiff.

**IV. Conclusion**

For the aforementioned reasons, Defendant's motion for summary judgment is denied. A joint pretrial order will be filed by July 14, 2005. Trial is scheduled for 9:30 a.m. on July 25, 2005. Voir Dire requests, trial memoranda and requests to charge will be served and filed on or before July 18, 2005.

---

[5] On page 7 of her Memorandum of Law, Plaintiff concedes that a claim for liability based upon actual or constructive notice would be unsupportable given Plaintiff's own testimony and that of the witness Jocelyn Washington that the condition was created moments or minutes before the accident occurred. (Mem. of Law at 7.) Therefore, trial will be limited to the cause of the accident being a created condition by defendant.

IT IS SO ORDERED.

Dated: New York, New York
June 30, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion were sent to:

Counsel for Plaintiff:
Loscalzo & Loscalzo
14 East 4th Street Suite 408
New York, NY 10012
Attn: Michael S. Kafer, Esq.
Tel: (212) 505-9080
Fax: (212) 533-0067

Counsel for Defendant:
Kral, Clerkin, Redmond, Ryan, Perry & Girvan
69 East Jericho Turnpike
Mineola, NY 11501
Attn: Henry M. Primavera, Esq.
Tel: (516) 742-3470
Fax: (516) 742-6243